# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## Northern Division

| | | |
|---|---|---|
| Stephanie & William Farrell | : | |
| Plaintiffs | : | |
| v. | : | Case No. 1:13-cv-03591-JFM |
| Macy's, *et al.* | : | |
| Defendants | : | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Comes now the Defendant, Macy's Retail Holdings, Inc. (herein after "Macy's"), and they respectfully file this Motion for Protective Order, pursuant to Rule 26(c), and state the following:

1. **Factual Background**

Plaintiffs Stephanie and William Farrell have filed suit against Macy's Retail Holdings, Inc. and IPC International Corporation, claiming the intentional torts of assault, battery, false imprisonment, and the tort of negligence arising from an incident which occurred on November 28, 2012, when Mr. Farrell was detained for investigation at the Whitemarsh Macy's store. Macy's contends it had probable cause to detain Mr. Farrell for investigation based on CCTV surveillance and both Macy's and IPC contend they acted reasonably under the circumstances presented to them by Mr. and Ms. Farrell. Mr. and Ms. Farrell contend just the opposite: they both claim that they were assaulted, battered, falsely imprisoned, and that Macy's and IPC were negligent in their conduct toward them.

Written discovery was directed to Plaintiffs Stephanie and William Farrell on October 24, 2014. No response has yet been received from the Farrells.

Written discovery was served on Defendant Macy's on or about December 4, 2014. Macy's is currently finalizing its response to the written discovery served by the Plaintiffs, and in anticipation of producing confidential documents to the Plaintiffs has encountered the Plaintiffs reluctance to agree to a Stipulated Confidentiality Order.

**2.** **<u>Confidentiality Order</u>**

On January 21, 2015, defense counsel sent to all counsel a proposed Stipulated Confidentiality Order in the acceptable form provided under the local rules of the U.S. District Court. She explained that if any party was going to request Macy's loss prevention policies and procedures, these documents were considered proprietary and a Confidentiality Order would need to be entered prior to production. She further explained that if the Plaintiffs were going to request the "crime reports" and other case specific documentation concerning this incident, Macy's would also produce those documents under confidentiality to protect the privacy of Mr. and Ms. Farrell.

Counsel for Co-Defendant IPC International responded on January 21, 2015 with a few minor edits to the Stipulated Confidentiality Order which were accepted and forwarded to Plaintiffs' counsel. Plaintiffs' counsel, Mr. Garrow received the Stipulated Confidentiality Order and indicated that he would review it.

On January 22, 2015, Mr. Garrow forwarded proposed revisions to the Confidentiality Order indicating his principal concern was to lessen any unnecessary burden placed on his clients, his firm or their consultants. Mr. Garrow made numerous changes to the drafted Stipulated Confidentiality Order and defense counsel agreed with all proposed changes, with the exception of two:

- Mr. Garrow declined on page 3(d)(iv) to have his expert agree in writing to confidentiality claiming it was sufficient to have his expert verbally agree with Mr. Garrow alone.

- On page 5, paragraph 5, Mr. Garrow declined to return the Defendant's documents suggesting that he would destroy them.

A further email was sent to Mr. Garrow suggesting that these remaining two changes were not acceptable, and providing the reasoning for why they were unacceptable. Defense counsel suggested that she did not need to Mr. Garrow's expert to actually sign the Stipulated Confidentiality Order if this was a concern. She suggested that as long as the expert provided something in writing to Mr. Garrow concerning his agreement on confidentiality of the documents, this would be sufficient.

On January 27, 2015 Mr. Garrow responded to several outstanding discovery requests made by the Defendants (which are not relevant to this Motion), and also the proposal on the Confidentiality Order. He withdrew his earlier agreement and stated that Plaintiffs would only agree to offer confidentiality to personnel files and not any other documents. Mr. Garrow indicated that we were at an "impasse".

**3.     Certification of Good Faith Effort to Resolve this Dispute**

In anticipation of the need for confidentiality on the production of documents made by Macy's; counsel took a proactive role in providing a Stipulated Confidentiality Order to Plaintiffs' counsel for review, and providing the reasoning for the request for confidentiality in her communication. Mr. Garrow made numerous changes to the approved U.S. District Court form for the Stipulated Confidentiality Order over the following week and the parties came down to an impasse because (1) Mr. Garrow refused to have his expert provide anything in writing

(even to Mr. Garrow himself) on the confidentiality of the documents which were being produced by Macy's, and (2) Mr. Garrow's refusal to return the confidential documents after this litigation concludes. When provided with a reasonable explanation for the need for Plaintiffs' expert to provide something in writing agreeing to the confidentiality; Mr. Garrow made an abrupt 180. Now, Mr. Garrow refuses to agree to the confidentiality of any documents unless they are personnel records.

Macy's wants to go forward in a timely manner with providing its discovery responses to the Plaintiffs, but is being hampered by the impasse reached on the production of confidential documents. On this basis, Macy's has filed this Motion for Protective Order because it appears that the parties will not be able to resolve this dispute. Under these circumstances, it is appropriate for the Court to rule on the Motion for Protective Order filed by the Defendant because the parties have reached an impasse in their good faith discussions.

**4.** **Documents to be Produced and Reasoning for Confidentiality**

    **1.** **Macy's Policies and Procedures**

Plaintiffs filed a 26(a)(2) Disclosure on January 6, 2015. Plaintiffs' Disclosure reveals they intend to call Curtis Baillie, a security expert to testify to certain opinions in this case. Mr. Baillie's report states that he is going to provide opinions that Macy's employee Barry Markowitz "failed to follow its own standard operating procedures in the investigation, detection, apprehension, and/or detention or Mr. and Ms. Farrell as shoplifting suspects", furthermore "Macy's failure to follow its own loss prevention policies and procedures and failure to meet applicable industry standards was a substantial contributing factor in the false imprisonment, injuries from assault and battery and negligence suffered by the Plaintiffs in this incident". (Report of Curtis Baillie attached hereto as **Exhibit 2** page 7, first full paragraph).

4

Based on this statement from Mr. Baillie, it is clear that Plaintiffs and their expert will want to review Macy's loss prevention policies and procedures as part of discovery in this case.[1] Therefore, the first category of confidential documents which the Defendant anticipates it will need to produce to Plaintiffs is the relevant loss prevention policies and procedures applicable to this case from Macy's. These documents are proprietary documents which were developed by Macy's for their loss prevention staff. Almost every retail store has certain loss prevention policies and procedures which are enforced in their store. It is prejudicial to Macy's to allow its policies and procedures to be produced without a Confidentiality Order, as this would subject the policies and procedures to publication to persons not involved in this case; (i.e. persons who might be interested in shoplifting from Macy's who could use them to circumvent those procedures, and to retail competitors of Macy's who are simply not entitled to Macy's proprietary work product) Confidentiality is almost always awarded to proprietary documents developed by an organization so that the produced documents are not published outside of the litigation.

**2. Documentation concerning this incident, including crime reports and forms for recovery of merchandise.**

Mr. Farrell was detained for investigation by Macy's employee Barry Markowitz based on his conclusion that there was probable cause to believe that Mr. Farrell was committing the crime of shoplifting. Macy's internal documents concerning Mr. and Ms. Farrell[2] contain private and confidential information about Mr. and Ms. Farrell, and the items which were found in their possession which had not been paid for. Macy's does not seek to make these documents public,

---

[1] These documents were not specifically requested in Plaintiffs' Request for Production of Documents.
[2] It is Macy's contention that Ms. Farrell was neither detained nor falsely imprisoned, and that she chose to voluntarily accompany her husband to the security room where he was being investigated. However, when Mr. Farrell was apprehended, Ms. Farrell's bag was checked by the Baltimore County Police, and she also was found to have merchandise from Macy's which had not been paid for. To that end, there is crime report concerning Ms. Farrell, based on this discovery made by the Baltimore County Police.

5

but merely to produce these documents in the context of this case for valid discovery reasons. While it is difficult to understand why Plaintiffs' counsel is not agreeable to the confidentiality of documents containing Mr. and Ms. Farrell's private information; Macy's believes that documents containing private information of the Plaintiffs should not be published to the general public, but rather should be produced in a confidential manner. Furthermore, additional case specific documents (in addition to the crime reports) deal with the non-purchased merchandise which was found in the possession of Mr. and Ms. Farrell. These are proprietary forms created by Macy's for purposes of the investigation of a potential shoplifting case. This proprietary information should not be published to the general public (including retail competitors) who could utilize this proprietary information, but should be marked confidential and kept in the context of this case.

**5.     Conclusion**

Defendant Macy's seeks a Confidentiality Order with regard to proprietary documents and case specific documents involving Mr. and Ms. Farrell which contain private information. With a Confidential Order in place, Plaintiffs still have the opportunity, to challenge the confidentiality of any of these documents should they wish to do so. The Confidentiality Order as proposed by the Defendant was the approved form under the local rules of the U.S. District Court. Plaintiffs' counsel made many changes to the approved form, and all defense counsel accepted all but two changes which are discussed in section 2 of this Motion for Protective Order.

WHEREFORE, Defendant Macy's prays that this Honorable Court grant its Motion for Protective Order, allow Macy's to produce its loss prevention policies and procedures and case specific documents as confidential, and enter the attached Confidentiality Order (**Exhibit 1**).

The proposed Order includes all changes requested by counsel for IPC International, and all accepted changes proposed by Plaintiffs' counsel, with the exception the two proposed changes discussed in this Motion.

Respectfully submitted,

/s/ Patricia M. Thornton
Patricia M. Thornton, # 03201
Edward C. Bacon, # 01256
Capital Office Park
6411 Ivy Lane, Suite 500
Greenbelt, Maryland 20770
(301) 345-7001
(301) 345-7075 (facsimile)
pthornton@lawbtp.com
ebacon@lawbtp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the **6th** day of **February, 2015**, a copy of the foregoing **Motion for Protective Order** was electronically filed to:

George L. Garrow, Jr., Esquire
Garrow Law Firm, PLLC
300 New Jersey Avenue, NW, Suite 900
Washington, DC  20001
202-469-3411
202-280-1220 - fax
ggarrow@me.com
(Attorney for Plaintiffs)

Charles L. Simmons, Jr, Esq.
Sonia Cho, Esquire
Gorman & Williams
36 South Charles St, Suite 900
Baltimore, MD  21201
clsimmons@gandwlaw.com
scho@gandwlaw.com
(Attorneys for Defendant
IPC International Corporation)

/s/ Patricia M. Thornton
Patricia M. Thornton