**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| Stephanie & William Farrell | : | |
| Plaintiffs | : | |
| v. | : | Case No. 1:13-cv-03591-JFM |
| Macy's, *et al.* | : | |
| Defendants | : | |

## INTERROGATORIES

Pursuant to the rules of Federal Rules of Civil Procedure, named plaintiff **William Farrell** ("Plaintiff") hereby responds to the Interrogatories propounded by the defendant Macy's as follows:

## GENERAL RESPONSES AND OBJECTIONS

Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request does not waive any of the plaintiff's general responses and objections.

1. The following responses reflect the current state of the plaintiff's knowledge, understanding and belief respecting matters about which inquiry has been made. The plaintiff expressly reserves their right to supplement or modify these responses with such pertinent information as plaintiff may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil Procedure. The plaintiff expressly reserves the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2.   The plaintiff objects to any interrogatory that seeks information constituting or containing information concerning communications between the plaintiffs and their counsel, which are protected by the attorney-client privilege.

3.   The plaintiff objects to any interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or other available privilege or protection.

4.   The inadvertent provision of information or the production by the plaintiff of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents.  In the event that inadvertent production occurs, the Defendants shall return all inadvertently produced documents to the plaintiff upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

5.   The plaintiff objects to any interrogatory to the extent that it purports to impose upon plaintiff any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any interrogatory that exceeds the scope of the Federal Rules of Civil Procedure.

6.   The plaintiff objects to these interrogatories to the extent that they are over-broad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

7.   The plaintiff objects to any interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.   The plaintiff objects to any interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is a matter of public record, already in the Defendant's possession, or otherwise readily available to the Defendant, and, therefore, may be accessed and obtained by the Defendant with less burden than the plaintiff can identify and provide requested information.

9.   None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Defendant's Interrogatories. The plaintiff's written responses are made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

10. The plaintiff objects to any interrogatory to the extent it is a contention interrogatory. Pursuant to Fed. R. Civ. P. 33(c), the plaintiff objects to any such interrogatory on the grounds that it is premature in light of the present stage of discovery.  The plaintiff expects to receive documents through discovery that will concern and provide information responsive to such interrogatories. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with

3

such interrogatories would require the plaintiff to continually supplement plaintiff's responses each time plaintiff receives an additional document or information concerning the subject contention on which the interrogatory seeks information. Doing so would cause the plaintiff to suffer unnecessary burden and expense and would not serve to narrow the issues that are in dispute. Accordingly, in response to any such contention interrogatory, the plaintiff will provide a response encompassing the current state of plaintiff's knowledge, belief, and understanding, but reserves the right to supplement plaintiff's interrogatory response pursuant to Fed. R. Civ. P. 26 at the conclusion of discovery, both as to the merits of this action and with respect to experts designated to testify at trial.

11. The plaintiff objects to any interrogatory that seeks information that is already in the defendant's possession.

12. Unless otherwise indicated, the plaintiff will not provide information encompassed by their general responses and objections or by their specific objections set forth below.

## RESPONSES BY PLAINTIFF WILLIAM FARRELL TO DEFENDANT'S INTERROGATORIES

1.   State your full name; date of birth; social security number; occupation; the addresses of your residences and businesses for the last ten (10) years; and all of your present and previous marital statuses, including the date of each marriage and the full name and present address of each spouse.

RESPONSE: Plaintiff objects to the release of his social security number on the basis of privacy. Further, plaintiff objects to the names of former spouses as information not relevant to this litigation. Further, any address where plaintiff has lived in the past is not relevant to this matter. Notwithstanding the above, and without waiving any objections made or can be made to this

4

interrogatory, William Farrell; 577 Alabama Avenue, Brick, NJ 08724; wife is Stephanie Farrell, who lives at the same address.

2.   Please describe precisely and in detail the incident alleged in the Amended Complaint, and include in your answer the date, time, and location of the alleged incident, and the actions taken by you and by all of the other individuals involved in the alleged incident, in the course of the alleged incident; include in your answer the identity of each person involved in the alleged incident.

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in that plaintiffs already have provided defendants a written statement of what happened in this case. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, on Wednesday November 28th my wife, Stephanie Farrell, and I went to Macy's to shop. When we entered the store my wife went to look at gloves and then to the jr's department while I went to the men's department. I was trying on clothing. I placed on the floor some items I intended to purchase. Shortly thereafter, a man came and grabbed me and said I was under arrest and started handcuffing me. I asked why I was being detained and the man identified himself as a Macy's security guard and said for stealing. Their were 2 other men there stating they were mall security. We had not left the store and keep asking what was going on because we were not even heading near an exit. They just keep repeating we were under arrest but no one would explain why. As they proceeded to walk us through the store we keep asking what was going on and I told them that the cuffs were too tight then they told us they were going to also charge us with assault. We were taken to a small room where I showed them my wrists that were now all cut from the handcuffs being so tight. We asked for them to call the police. We

5

also kept explaining that the bags we had were bags we were buying, that they were Macy's bags

and they had all the tags on them. They would not allow me to go to the bathroom and we told

them we needed some one to check on our pets that were in the car. But they just keep saying we

were going to jail after multiple times of us asking for the police. Even though I still was

handcuffed, I told them that we wanted to leave. We told them to call the police. When the police

came they removed the handcuffs from his wrists that now were bleeding. They talked to the

Macy's guard who now was telling them we were a flight risk because we lived out of state. The

one officer took our names and said he was going to call his Sargent. We never saw the security

guard after that. Also the other mall guards also left. When the officer came back he told us that

we could leave and when he walked us out he told us that we were just assaulted and told us

where to go to press charges. We went and they told us we couldn't do anything without the

man's name. We had to leave because my wife was getting a migraine. I was not able to go to

work because my wrists were hurting. I later saw a doctor for my wrists.

     3.  Identify all eyewitnesses to all or part of the alleged occurrence, and state their

location at the time of the occurrence.

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in

the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in

that they require the plaintiffs to provide information of which the defendants already are in

possession. Notwithstanding the above, and without waiving any objections made or can be

made to this interrogatory, plaintiffs contend that at least 3 security officers were present. One

identified himself as working for Macy's, and the other as "mall security." After the plaintiffs

arrived in the room in which they were detained, a police officers came to the scene. I later

6

learned that the Officer's name was Allinson from the Baltimore County Police Department.
Plaintiff may supplement as he receives additional information from defendants.

4.  Identify all persons who were at or near the scene, or who arrived at the scene within
two (2) hours after the alleged incident.

RESPONSE: SEE #3 ABOVE.

5.  State the names, addresses and phone numbers of all persons from whom you have
written, signed or recorded statements concerning any issue involved in this litigation, attaching
to your answer a copy of any such statement given by any defendant in this action or any agent,
servant, or employee of any defendant in this action.

RESPONSE:  Plaintiff objects on the ground that a complete response would include documents
that are work product or covered by attorney-client privilege. Further, this interrogatory seeks
information already in the possession of defendants. Additional requests, therefore, are
unnecessarily burdensome in that they require the plaintiffs to provide information of which the
defendants already are in possession. Additionally, a response includes documents that are public
record, and equally available to plaintiffs and defendants. Notwithstanding the above, and
without waiving any objections made or can be made to this interrogatory, plaintiff includes the
police report provided by the Baltimore County Police department.

6.  If you claim that this Defendant or any agent, servant, or employee of this Defendant
made any statement against interest or any statement which you maintain constitutes an
admission with reference to any of the issues in this case, please state, with respect to each
statement or admission, the substance of the statement/admission, to whom it was made, when it
was made, the circumstances surrounding the statement/admission, and the names and addresses
of all witnesses to the statement/admission.

7

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in that they require the plaintiffs to provide information of which the defendants already are in possession. Further, plaintiff objects on the ground that discovery is proceeding, and the request cannot full be answered until the parties complete discovery. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, plaintiff references the civil letters forwarded to both plaintiffs by Macy's alleging that plaintiffs, including Ms. Farrell, stole items from the store and owed Macy's remuneration, or face potential civil and criminal liability. Given that discovery is proceeding, plaintiff may supplement this response after the close of discovery.

7. If you have within your possession or have any knowledge of any photographs, pictures, motion pictures, objects, models, plats, diagrams, or other graphic or pictorial representation of the scene of the alleged incident or relating to the injuries and/or damages claimed to have resulted from the alleged incident, list each such item, describing its subject matter, date(s) upon which taken or prepared, by whom taken or prepared, and name the person who now has custody or possession thereof.

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in that they require the plaintiffs to provide information of which the defendants already are in possession. Defendants provided 3 DVDs, for example, of the incident, and it now appears that defendants are requesting this from plaintiffs. Further, plaintiff objects on the ground that discovery is proceeding, and the request cannot full be answered until the parties complete discovery. Notwithstanding the above, and without waiving any objections made or can be made

8

to this interrogatory, plaintiff references the photographs provided to defendants by email last Wednesday, March 4. Plaintiffs also are providing hard copies of the same photos in response to defendants' request for production of documents. Given that discovery is proceeding, plaintiff may supplement this response after the close of discovery.

   8.   Describe precisely and in detail each injury you claim to have sustained as a result of the alleged incident, including in your answer, the nature and location of all bodily injuries, the nature of all mental injuries, and the manner in which you allege you have been caused pain and suffering.  If you have any present complaints, state precisely and in detail the nature of such present complaints and specify which, if any, you contend are permanent.

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in that they require the plaintiffs to provide information of which the defendants already are in possession. For example, in efforts to resolve this matter prior to litigation, plaintiffs previously provided defendants with a settlement letter describing the injuries of both plaintiffs. Additionally, plaintiffs have provided copies of photos that show the injuries of both husband and wife. Further, plaintiff objects on the ground that discovery is proceeding, and the request cannot full be answered until the parties complete discovery. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, plaintiff had wrists cut and scraped as a result of the handcuffs being too tightly applied. Some of these bruises are visible in the pictures that were sent to defendants last week, on Wednesday, March 4, 2015. Plaintiff also includes hard copies of these pictures in response to defendants' requests for production of documents. Moreover, plaintiffs provided defendants with medical records of the

9

event earlier in the settlement phase of this litigation. Discovery is proceeding, and plaintiff may supplement this response after the close of discovery.

9. State the names and addresses of all health care providers (including hospitals, physicians, psychiatrists, counselors, physical therapists, chiropractors and/or any other health care providers) who have examined, treated or diagnosed you, or engaged in any consultation with you in connection with your alleged injuries or complaints. As to each such health care provider, state the date(s) of each examination or treatment, state the diagnosis, prognosis, and treatment given or prescribed, and specify which of said health care providers will be called as an expert witness at trial.

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in that they require the plaintiffs to provide information of which the defendants already are in possession. For example, in efforts to resolve this matter prior to litigation, plaintiffs previously provided defendants with a settlement letter describing the injuries of both plaintiffs. Additionally, plaintiffs have provided copies of photos that show the injuries of both husband and wife. Further, plaintiff objects on the ground that discovery is proceeding, and the request cannot full be answered until the parties complete discovery. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, plaintiff had wrists cut and scraped as a result of the handcuffs being too tightly applied. Some of these bruises are visible in the pictures that were sent to defendants last week, on Wednesday, March 4, 2015. Plaintiffs' doctors include Kevin Hsu, MD, Northeast Spine and Sports Medicine: Jackson; 728 Bennetts Mills Road Jackson, NJ 08527; and Jignyasa Desai, D. O. LLC, iHeal Pain Center, P. O. Box 310 Edgewater, NJ 07020. Plaintiff also includes hard copies of these medical records

10

and pictures in response to defendants' requests for production of documents. Moreover, plaintiffs provided defendants with medical records of the event earlier in the settlement phase of this litigation. Discovery is proceeding, and plaintiff may supplement this response after the close of discovery.

10. Identify all health care providers (including hospitals, physicians, psychiatrists, counselors, physical therapists, chiropractors and/or any other health care providers) other than those referred to above who have examined, treated, or counseled you for any physical and/or mental injury, disability, illness, or complaint in the past ten (10) years, and the approximate dates and nature of each.

RESPONSE: Plaintiff objects on the ground that this request seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Information on other "physical and/or mental injury, disability, illness, or complaint" that may have happened years ago and unrelated to the injuries sustained in this incident are not relevant and amount to a fishing expedition that is unfair and burdensome to plaintiff. Further, any such response to this interrogatory including matters remote in time and unrelated to actual damages has no probative value to damages in this case.

11. If you contend that a prior injury or condition (including but not limited to physical, psychiatric and/or psychological condition, illness and/or disability) was aggravated by the alleged incident, describe precisely and in detail the nature and extent of your prior injury or condition, and give the names and addresses of healthcare provider (including hospitals, physicians, psychiatrists, counselors, physical therapists, chiropractors and/or any other health care providers) who treated you therefore, and the approximate dates of such treatments.

RESPONSE: Plaintiff will supplement this response shortly.

11

12. Itemize all expenses and other economic damages, past and future, that you claim are a result of the alleged incident and as to each item claimed, identify the item, the amount claimed for that item, the method, if any, by which you computed the amount, the figures used in that computation, and the facts and assumptions upon which your claim is based.  For medical expenses, provide the name and address of each payee, the amount paid to each payee, and the balance due to each payee, and if the aforesaid costs were covered by any health insurance plan or policy including Medicare or Medicaid, please identify the name of the health insurance plan, the policy number or other identifier assigned to you, and the amount of such payments/benefits covered by the plan.

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in that they require the plaintiffs to provide information of which the defendants already are in possession. For example, in efforts to resolve this matter prior to litigation, plaintiffs previously provided defendants with a settlement letter describing the injuries of both plaintiffs and medical bills that described the outstanding medical costs. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, Plaintiff has a medical bill of $2625.

13. If you have been gainfully employed or had any earned income in the last five (5) years, provide the name and address of your employer, nature of work, hourly, weekly, or other periodic compensation, the number of hours worked per week, and the dates and length of each employment, and state the amount reported as earned income on your income tax returns for each of the past five (5) years, including in your answer the district in which the returns were filed.

RESPONSE: The plaintiff objects this interrogatory in that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The request also is overbroad in that a complete response would provide information beyond that which is pertinent to the litigation at hand. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, plaintiff at the time of this incident worked as a driver for YRC Freight in New Jersey.

14. If you claim to have lost time or income from employment as a result of the incident alleged in the Complaint, state precisely the dates of absence from employment, the amount of wages lost on account thereof, an explanation as to how you have calculated the lost wages, an explanation as to how the alleged incident caused you to miss time from work, and the identities of the employers from whom said wages or income would have been received.

RESPONSE: Plaintiff will supplement this response shortly.

15.     Identify each person whom you expect to call as an expert witness at trial, and as to each such expert, state the following:

   (a)    a complete statement of all opinions to be expressed and the basis and reasons therefore;

   (b)    the data or other information considered by the witness in forming the opinions;

   (c)    any exhibits to be used as a summary of or support for the opinion;

   (d)    the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years;

   (e)    the compensation to be paid for the services rendered by the expert, including all investigation and anticipated testimony; and

   (f)    a listing of any other cases in which the expert has testified as an expert at trial or by deposition within the preceding four (4) years.

RESPONSE: Plaintiff objects to this interrogatory as premature, as discovery is still ongoing. Subject to and without waiving the foregoing objections, plaintiff has produced information responsive to this Interrogatory subject to the requirements of Fed. R. Civ. P. 26, in accordance with the scheduling order in this case.

16. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information, that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

RESPONSE: Plaintiff objects to this interrogatory as premature, as discovery is still ongoing. Plaintiff further objects to the extent this interrogatory seeks information protected by disclosure of the attorney client privilege and work product doctrine. Subject to and without waiving the foregoing objections, plaintiff will identify responsive information at the appropriate time in accordance with the scheduling order in this case.

17. If you intend to rely upon any documents, electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and identify all persons having possession, custody, or control of them.

RESPONSE: Plaintiff objects to this interrogatory as premature, as discovery is still ongoing. Plaintiff further objects to the extent this interrogatory seeks information protected by disclosure of the attorney client privilege and work product doctrine. Subject to and without waiving the foregoing objections, plaintiff will identify responsive information at the appropriate time in accordance with the scheduling order in this case.

14

18. State the basis upon which you support your contention that this Defendant is liable to you, including in your answer precise and specific facts upon which you allege liability against this Defendant for false imprisonment, assault, battery, *respondeat superior*, and negligence. RESPONSE: Plaintiff objects to this contention interrogatory. Further, plaintiff objects on the ground that this discovery request seeks the legal reasoning and theories of plaintiff's contentions. Plaintiff is not required to prepare the defendant's case. Subject to and without waiving the foregoing objections, plaintiff relies upon the written narrative already provided to the defendants and the amended complaint. Finally, defendants filed motions to dismiss in this matter to which plaintiff responded with more than ample information on plaintiffs' contentions and the specific facts upon which liability is alleged for each claim.

19. If you have ever been a complaining party in any claim/lawsuit (other than this claim) for personal injury, worker's compensation, and/or property damage, describe the nature of the claim(s)/lawsuit(s) and the details of the occurrence(s) that resulted in such claim(s)/lawsuit(s), including in your answer the name(s) of the person and/or organization against whom the claim(s)/lawsuit(s) were made; the filing date(s) of the claim(s)/lawsuit(s); the court and/or agency where the claim(s)/lawsuit(s) were filed; the case number(s) and/or file number(s) of the claim(s)/lawsuit(s); and the final disposition of the claim(s)/lawsuit(s).

RESPONSE: The plaintiff objects this interrogatory in that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The request also is over broad with any response provided proving information beyond that which is pertinent to the litigation at hand. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, plaintiff does not recall any such incidents.

15

20. If you have filed suit or made a claim against any person not a party to this case for damages arising out of this incident, identify the case or docket number; the person or organization against whom the claim or suit was made; the filing date; the court or agency where the claim or suit was filed; the nature of the occurrence; and the final disposition of the claim or suit.

RESPONSE: No such claims have been made.

21. State whether, at any time during the fifteen year period preceding the date of your answers to these interrogatories, you have been convicted of, or pleaded guilty to, any crime other than a minor traffic offense. If so, for each conviction, identify the court in which you were convicted and state the case number, the nature of the crime, the date of conviction, and any sentence and/or penalty imposed in connection therewith. For purposes of this interrogatory, a conviction includes a plea of *nolo contendere* followed by a sentence, whether or not the sentence is suspended.

RESPONSE: The plaintiff objects this interrogatory in that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The request also is over broad with any response provided proving information beyond that which is pertinent to the litigation at hand.

22. Identify each instance in which you have ever been delayed, detained, questioned, or arrested by any law enforcement officer, regarding any crime or alleged crime; include in your answer, as to each such instance: the date; a description of what transpired; the location where you were delayed, detained, questioned, or arrested; the identities of the law enforcement officials; the nature of the offense or alleged offense; the length of time you spent in the custody of the law enforcement officers; a description of the criminal charges brought against you in each

16

instance; the incident number, complaint number, or charging number; and the disposition of any such charges.

RESPONSE: The plaintiff objects this interrogatory in that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The request also is over broad with any response provided proving information beyond that which is pertinent to the litigation at hand. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, plaintiff does not recall any such past incidents.

23. Please provide an itinerary of the Macy's departments where you shopped on November 28, 2012, including how much time was spent in each department, what merchandise you selected from each department, how you were carrying the merchandise, and each register/pay station which you visited in the Macy's store before the alleged incident.

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in that they require the plaintiffs to provide information of which the defendants already are in possession. Defendants have a copy of DVDs that show the plaintiff shopping in Macy's store. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, plaintiff refers defendants to the DVDs that show plaintiffs shopping, and plaintiff's narrative that plaintiffs already have provided to the defendants and their expert witness.

24. Please state whether you have ever previously been asked or told to leave a retail store/mall for any reason. If so, please state specifically the name of the store/mall, the address, the date, and the specific circumstances.

RESPONSE: SEE #21.

25. Identify any additional person(s) having personal knowledge of facts material to this case.

RESPONSE: Plaintiff objects on the ground that this interrogatory seeks information already in the possession of defendants. Additional requests, therefore, are unnecessarily burdensome in that they require the plaintiffs to provide information of which the defendants already are in possession. Notwithstanding the above, and without waiving any objections made or can be made to this interrogatory, plaintiffs lists all of the defendants' employees who are aware of the incident, which includes Barry Markowitz (Macy's); Bravett Bull; Craig Riegel; Clarence Parks; and Ms. Leedewberry (Macy's); as well as Baltimore County police officer Allinson who appeared at the scene later.

Respectfully submitted,
STEPHANIE AND WILLIAM FARRELL

By: _____
George L. Garrow, Jr., Esq.
The Garrow Law Firm, PLLC
300 New Jersey Avenue, NW, Suite 900
Washington, DC 20001
202-469-3411 phone
202-280-1120 fax
ggarrow@me.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent by email and first class mail on March 11, 2015, to the following counsel for defendants:

Charles L. Simmons, Jr., Esq.
Sonia Cho, Esq.
GORMAN & WILLIAMS
36 South Charles Street, Suite 900
Baltimore, Maryland 21201

Edward C. Bacon, Esq.
Patricia M. Thornton, Esq.
Bacon Thornton and Palmer LLP
Capital Office Park
6411 Ivy Lane, Ste. 500
Greenbelt, MD 20770-1411

George L. Garrow, Jr., Esq.